UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID B. WATKINS,

    Plaintiff,

v.                                                         Case No:  8:16-cv-1461-T-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff David B. Watkins' Complaint (Doc. 1) filed on June 7, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On October 19, 2012, Plaintiff filed an application for disability and disability insurance benefits ("DIB"). (Tr. at 304, 317, 362-63). Plaintiff asserted an onset date of March 24, 2012. (*Id.* at 362). Plaintiff's application was denied initially on January 11, 2013, and on reconsideration on February 19, 2013. (*Id.* at 304, 317). A hearing was held before Administrative Law Judge ("ALJ") R. Dirk Selland on June 25, 2014. (*Id.* at 249-77). The ALJ issued an unfavorable decision on August 28, 2014. (*Id.* at 230-44). The ALJ found Plaintiff not to be under a disability from March 24, 2012 through the date of the decision. (*Id.* at 244).

On April 6, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-7). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on June 7, 2016. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 232). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 24, 2012, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: anxiety, depression and ETOH dependence (20 C.F.R. § 404.1520(c)). (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 233). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform work at all exertional levels with the following additional limitations:

> [Plaintiff is] limited to work that is simple as defined in the Dictionary of Occupational Titles (DOT) as specific vocational preparation (SVP) levels 1 and 2, routine and repetitive tasks in a work environment free of fast-paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple work-related decisions; with few, if any, workplace changes; and no more than occasional interaction with the general public, co-workers and supervisors.

---

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(*Id.* at 234). The ALJ determined that Plaintiff is not capable of performing his past relevant work. (*Id.* at 242). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff is capable of performing the following jobs: (1) automobile detailer, DOT # 915.687-034, medium, unskilled, SVP 2; (2) horticultural worker, DOT # 401.687-010, medium, unskilled, SVP 2; (3) warehouse worker, DOT # 922.687-058, medium, unskilled, SVP 2. (*Id.* at 243-44).[2] The ALJ concluded that Plaintiff was not under a disability from March 24, 2012 through the date of the decision. (*Id.* at 244).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.    Analysis**

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are:

1) The ALJ failed to properly weigh the medical opinion evidence and failed to properly determine Mr. Watkins' RFC; and

2) The ALJ failed to properly determine and evaluate Mr. Watkins' credibility.

(Doc. 16 at 14, 20).

**A.    Weight of the Medical Opinions**

Plaintiff argues that the ALJ erred in failing to explain why he rejected the medical opinions of two doctors. (Doc. 16 at 15). Specifically, Plaintiff claims that the ALJ should have given great weight to the opinions of psychiatrist Kathleen M. Carroll, M.D. and psychologist Benjamin N. Cohen, Ph.D. (*Id.*). The Commissioner argues that the ALJ considered both Dr. Carroll's and Dr. Cohen's opinions and provided good reasons to reject these opinions. (Doc. 19 at 4-9). First, the Court will focus on Dr. Carroll's opinion.

**1.    Legal Standard**

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions,

5

the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips*, 357 F.3d at 1240. The Eleventh Circuit concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

## 2. Dr. Carroll

Plaintiff argues that the ALJ rejected treating psychiatrist Dr. Carroll's opinion in a "terse one sentence rejection[]." (Doc. 16 at 14). Plaintiff claims that the ALJ failed to explain what medical findings conflicted with the opinion of Dr. Carroll. (*Id.*). Plaintiff further claims that Dr. Carroll's findings were consistent with the mental status examinations in the treatment records. (*Id.* at 16). The Commissioner contends that the ALJ considered Dr. Carroll's opinion and explained that Dr. Carroll's finding of the severity of Plaintiff's limitations was not supported or consistent with Dr. Carroll's treatment notes. (Doc. 19 at 5). The Commissioner

asserts that Dr. Carroll's treatment records support the ALJ's limitations in Plaintiff's RFC and do not substantiate the restrictive limitations found in Dr. Carroll's assessment. (*Id.* at 6).

The ALJ addressed Dr. Carroll's opinion in four (4) separate instances in the decision. (Tr. at 237, 238, 239, 241). First, he summarized Dr. Carroll's September 6, 2012 Narrative Report. Second, he summarized Dr. Carroll's November 8, 2012 Psychiatric/Psychological Impairment Questionnaire. (*Id.* at 238). Third, he summarized the diagnoses contained in Dr. Carroll's progress notes during the period from August 2013 through June 2014. Fourth, he determined the weight to be afforded Dr. Carroll's opinion. (*Id.* at 241). The Court addresses each of these instances in turn.

The ALJ summarized Dr. Carroll's September 6, 2012 Narrative Report as follows (*Id.* at 237, 535). Dr. Carroll reported she saw Plaintiff on two (2) occasions beginning on August 14, 2012. (*Id.* at 237). Dr. Carroll noted that the majority of Plaintiff's care for the past two (2) years was through residual treatment and outpatient treatment programs for alcohol dependence. (*Id.*). Plaintiff's primary care physician placed Plaintiff on short-term disability due to the severity of his symptoms. (*Id.*). Dr. Carroll noted that Plaintiff tried a long list of psychiatric medications that were unsuccessful and, instead, often times self-medicated his depression and anxiety with alcohol. (*Id.*). "Dr. Carroll noted the claimant reportedly experienced severe depressive episodes, agitation, extreme isolation, suicidal thoughts[,] and paralyzing anxiety attacks at varying intervals throughout the past two years and correlating the most severe mood symptoms and anxiety symptoms with times when he has been trying to maintain employment or has been under an inordinate amount of stress." (*Id.*). Dr. Carroll noted that Plaintiff sees his employment as a "large source of stress." (*Id.*). Plaintiff reported to Dr. Carroll that at times he cannot get out of bed, bathe, perform activities of daily living, function outside of the home, and

7

he feels incapable of returning to the workplace. (*Id.*). Dr. Carroll found Plaintiff's prognoses for recovery was poor to guarded. (*Id.*).

The ALJ then summarized Dr. Carroll's November 8, 2012 Psychiatric/Psychological Impairment Questionnaire as follows. (*Id.* at 238, 701-708). The ALJ found that this source statement was based on Dr. Carroll's diagnoses that included alcohol dependency, major depression and generalized anxiety disorder with a current Global Assessment of Functioning ("GAF") of 50. (*Id.* at 238). Dr. Carroll reported clinical findings to include "poor memory, appetite and mood disturbance, substance dependence, and social withdrawal or isolation, anhedonia, feelings of guilt/worthlessness[,] and generalized persistent anxiety." (*Id.*). Dr. Carroll reported no emergency room or hospital treatment due to these symptoms. (*Id.*). The ALJ summarized Dr. Carroll's remaining assessment as follows:

> In understanding and memory, [Dr. Carroll] opined the claimant was moderately limited in the ability to remember locations and work-like procedures and ability to understand and remember one or two-step instructions but marked limitations to understand and remember detailed instructions. As to sustained concentration and persistence, Dr. Carroll opined the claimant had marked limitations in carrying out *detailed* instructions; maintaining attention and concentration for *extended* periods; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerance; making simple work-related decisions; and completing a normal workweek without interruptions from psychologically-based symptoms at a consistent pace without an unreasonable number and length of rest periods. However, she also opined he had only moderate limitations in carrying out simple one or two-step instructions, sustain an ordinary routine without supervision, and work in coordination with or proximity to others without being distracted by them. With regard to social interactions, the claimant had marked limitations in the ability to accept instructions and respond appropriate to criticism from supervisors, but only moderate limitations in his ability to interact appropriately with the general public, ask simple questions or request assistance, get along with co-workers or peers without distracting them or exhibiting behavioral extremes, and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. With regard to adaptation, Dr. Carroll opined that the claimant had moderate ability to respond appropriate to changes in the work setting, but otherwise mild limitations. Dr. Carroll admitted she had only seen the claimant twice since August 2012 and he had not worked or been in a work-like setting since being under her care and did not comment on the claimant's

> ability to tolerate work stress. Dr. Carroll opined the claimant would likely be
> absent from work as a result of the impairments or treatment more than three times
> a month, but he could manage his benefits in his own best interest (Exhibit 9F).

(*Id.* (emphasis in original)).

The ALJ next considered the diagnoses found in Dr. Carroll's progress notes covering the period of August 2013 through June 2014. (*Id.* at 239). The ALJ found that in the August 2013 through May 2014 records, Dr. Carroll diagnosed Plaintiff with alcohol dependence, major depressive disorder, recurrent, severe and generalized anxiety disorder with GAF scores ranging from a low 48 to a high of 59. (*Id.*). The ALJ found that during this period Plaintiff was treated with Xanax. (*Id.*). The ALJ noted that in a June 9, 2014 progress note, Dr. Carroll reported Plaintiff's diagnoses to be major depressive disorder, recurrent, moderate generalized anxiety disorder, and alcohol dependence with a GAF score of 50. (*Id.*). The ALJ also noted that Dr. Carroll reiterated the same limitations that she found previously. (*Id.*).

In his final reference to Dr. Carroll's opinion, the ALJ decided to "reject the opinion of treating psychiatrist Dr. Carroll (Exhibits 9F and 18F). I agree with the diagnosis, but not with the severity of the limitations as they are not supported or consistent with her own treatment notes." (*Id.* at 241).

Unless good cause is shown to the contrary, the opinions of treating physicians are entitled to substantial or considerable weight. *Phillips*, 357 F.3d at 1240. Good cause may be established if a treating physician's opinion is not supported or is inconsistent with a doctor's own treatment records. *Id.* Thus, the language the ALJ used here – that the severity of the limitations found by Dr. Carroll are not supported or consistent with her own treatment notes – may constitute good cause to reject Dr. Carroll's opinion if the ALJ supported his decision with substantial evidence. The ALJ did not. The ALJ failed to refer to any specific treatment or

9

progress notes of Dr. Carroll that are inconsistent with or that do not support Dr. Carroll's assessments.

The ALJ summarized both of Dr. Carroll's opinion statements dated September 6, 2012 and November 8, 2012, but these statements and the summary by the ALJ do not include any specific reference to Dr. Carroll's treatment or progress that are inconsistent with or that do not support Dr. Carroll's opinion. (Tr. at 237, 238). The ALJ did refer to Dr. Carroll's progress notes from August 2013 through June 2014, but cited them only for Dr. Carroll's diagnoses in these progress notes. (*Id.* at 239). Again, the ALJ failed to specifically identify any of Dr. Carroll's treatment or progress notes that are inconsistent with or that do not support her opinion.

The Commissioner cites to some of Dr. Carroll's progress notes in the Memorandum in Support of the Commissioner's Decision to support the ALJ's decision to reject Dr. Carroll's opinion. (Doc. 19 at 6-7). These progress notes were not specifically mentioned by the ALJ in his decision. The Court cannot accept counsel's *post hoc* rationalization for an agency's action. *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). Here, the ALJ's actual decision did not contain the bases articulated by the Commissioner in the Memorandum. The Court finds that the ALJ did not demonstrate that Dr. Carroll's treatment or progress notes were inconsistent or that they did not support Dr. Carroll's opinion. The ALJ failed, therefore, to establish good cause to reject Dr. Carroll's opinion and the ALJ's decision is not supported by substantial evidence.

### III. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on the weight the ALJ afforded Dr. Cohen's opinion and Plaintiff's credibility. Because the Court finds that on remand, the Commissioner must

evaluate the medical evidence of Dr. Carroll in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

Plaintiff requests that this matter be reversed and remanded "simply for an awarding of benefits." (Doc. 16 at 22). "This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1270 (M.D. Fla. 2012) (citing *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993)). If the Court cannot discern the basis for the Commissioner's decision, then a sentence four remand may be appropriate to allow the Commissioner to explain the basis for the decision. *Id.* In this case, the Court cannot discern the basis for the Commissioner's decision and, thus, a sentence four remand to the Commissioner is appropriate. Accordingly, the Court will reverse and remand the decision to the Commissioner for further consideration.

## IV. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical records and opinions of Dr. Carroll and Dr. Cohen in conjunction with all of the other medical evidence of record and to reconsider Plaintiff's credibility in light of the medical evidence of record.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on September 27, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties